## Baker & Hall *v.* Dobbins.

1. When an order is drawn by the surviving member of a firm of contractors for a specific sum, with direction to "charge the same to firm on account of work done and to be done on your building now in process of erection," and the same is accepted in these terms, "I agree to pay the within order when the building is finished and received by Messrs. Bruce & Morgan," the acceptance is conditional upon the completion of the building by the drawer; and if, without fault of the acceptor, he fails to complete it, and the acceptor has it completed by others at his own expense, there can be no recovery in an action on the acceptance.
2. With or without the parol evidence brought out from the plaintiffs' witness on cross-examination, the judgment of nonsuit was correct.

July 13, 1891.

Acceptance. Contracts. Evidence. Nonsuit. Before Judge Attaway. City court of Cartersville. December term, 1890.

Reported in the decision.

W. I. Heyward, by Harrison & Peeples, for plaintiffs.

J. M. Neel, by brief, for defendant.

Simmons, Justice.

Wallace & Collins made a contract with Dobbins whereby the former agreed to build a house for the latter. They were indebted to Baker & Hall, and Wallace having died, Collins, the survivor of the firm, gave the following draft or order on Dobbins:

"$300. Mr. Miles G. Dobbins: Please pay to Mess. Baker & Hall three hundred dollars ($300) and charge the same to firm of Wallace & Collins on account of work done and to be done on your building now in process of erection. This December 24th, 1888.

A. J. Collins, survivor."

v 87-35

On the back of this order was written as follows, to wit:

"I agree to pay the within order when the building is finished and received by Messrs. Bruce & Morgan. December 24th, 1888.          Miles G. Dobbins."

The evidence shows that Wallace & Collins failed to complete the building and turn it over to Bruce & Morgan. Dobbins had advanced to Wallace & Collins the full amount for the work they had actually performed, and when they failed to complete the house, he employed hands at his own expense and had it completed. He refused to pay the draft, and Baker & Hall brought suit upon it, and the above recited facts were put in evidence before the court and jury, and the plaintiffs closed their case. The court, on motion of the defendant's counsel, granted a nonsuit; to which the plaintiffs excepted.

The draft or order was accepted by Dobbins on the condition that Wallace & Collins should complete the house, and that it should be received by Bruce & Morgan, who seem to have been the architects of Dobbins. He only agreed to pay the draft upon the completion of the building. The evidence does not show that the failure to complete it was on account of any fault of Dobbins. The building never having been completed by Wallace & Collins, the time of payment never arrived. Moreover, he agreed to pay it out of a fund of Wallace & Collins, to accrue to them by the performance of the contract, which never being performed, the fund out of which the draft was to be paid never existed. 2 Rand. Com. Pap. §622; Newhall v. Clark, 50 Am. Dec. 741 (Mass.); Linnehan v. Matthews, 20 N. E. Rep. (Mass.) 453.

The court was right, therefore, in granting a nonsuit.
*Judgment affirmed.*