### 14397.   BRINSON *v.* BAINBRIDGE STATE BANK.

STEPHENS, J.   1. A conditional acceptance of an order or draft binds
the acceptor to pay only upon the happening of the condition, and
such condition is not waived by the acceptor and his liability is not
made absolute even by his own act in preventing the happening of the
condition. The payee, however, is not remediless against the acceptor.
Newhall *v.* Clark, 3 Cush. 376 (50 Am. D. 741).   See also *Baker* v.
*Dobbins,* 87 *Ga.* 545 (13 S. E. 524).

2. A draft accepted by the acceptor upon the condition that he will pay
it to the payee upon the completion of certain work which the drawer
is performing upon the acceptor's dwelling house binds the acceptor
to pay only upon the completion of the work, and when the work has
not in fact been completed there is no binding obligation upon the
acceptor to pay the draft, although he may by his own act have
wrongfully prevented the completion of the work.

3. In a suit by the payee against the acceptor on such a draft it was
error for the court to charge that the plaintiff could recover the full

amount of the draft if the act of the acceptor had prevented the completion of the work.

4. Where the acceptor has wrongfully prevented the completion of the work and thus prevented the happening of the condition upon which he obligated himself to pay the draft, the payee has a right of action in damages against the acceptor for the injury resulting from the acceptor's conduct.    Newhall v. Clark, supra.    The payee, however, may, if the facts warrant, be protected as an assignee of the right, title, and interest which the maker of the draft had against the acceptor under the contract referred to in the draft, and bring suit as such against the acceptor, the draft being evidence of the assignment; and the measure of damages accruing under the contract for a wrongful prevention of its completion by the acceptor would be the profits inuring under the contract to the maker.    The present suit may be amended by appropriate allegations showing an assignment of the contract right by the maker to the payee as fixed by the draft.    Such an amendment sets up no new cause of action, and is permissible in the present suit, since the plaintiff's right to recover as set out in the amendment is predicated upon the draft construed as a contract of assignment.

5. This being a suit by the payee of the draft against the acceptor, and the court having committed error as above indicated, the verdict and judgment for the plaintiff in the full amount sued for must be set aside.

Judgment reversed. Jenkins, P. J., concurs. Bell, J., disqualified.

Decided February 8, 1924.

Complaint; from city court of Bainbridge—Judge Spooner. February 12, 1923.

Hartsfield & Conger, for plaintiff in error.

John R. Wilson, contra.